# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE L. KNOX, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DR. JOANN MORGAN, et al., )<br>)<br>Respondents. ) | Case No. CIV-10-1274-W |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, initiated this action with a fifty-eight page Petition for a Writ of Habeas Corpus, complete with two hundred and ninety-eight pages of attached exhibits. Petitioner named seventeen respondents including his custodian, various Department of Correction employees, other state employees, the United States Attorney General, the United States Secretary of State, former Oklahoma Governor Brad Henry, and the Chief of the Choctaw Tribe. [Doc. No. 1]. The matter was referred to the undersigned Magistrate Judge for proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

The undersigned entered an order finding that given the nature of Petitioner's claims and the relief he requested, he must bring a civil rights action pursuant to 42 U.S.C. § 1983. Petitioner was provided a proper form for filing a § 1983 complaint and instructed regarding the requirements of Rule 8 of the Federal Rules of Civil Procedure. The Court ordered that the complaint be filed on or before April 20, 2011. Petitioner was further advised that upon his filing of a proper civil rights complaint, the Court would consider his motion to proceed without payment of the $350 filing fee. [Doc. No. 11].

Rather than comply, Petitioner filed a seven page document with sixty attachments which included request to staffs, grievance forms, appeals, disciplinary hearing reports and letters from Department of Corrections officials. [Doc. No. 12].[1] The Court struck the pleading, reminded Petitioner of his obligation to submit his allegations in a § 1983 form, and extended Petitioner's deadline to May 1, 2011. [Doc. No. 13].

On April 26, 2011, Petitioner filed an "Emergency" document, requesting that the Court order the FBI and the Unites States Marshal Service to investigate and retrieve the March 28, 2011, and April 14, 2011, outgoing legal mail addressed to this Court, including a "1983 complaint and a motion for a evidentiary hearing" which "never made it to the Court." [Doc. No. 14]. The undersigned construed this motion to assert that Petitioner had attempted to file a civil rights complaint and granted him an additional 15 days, or until June 8, 2011, to file the complaint. [Doc. No. 15]. The Clerk of the Court was again directed to provide Petitioner with a copy of the necessary form, and Petitioner was advised that the failure to comply with the Court's order could result in the dismissal of his action. *Id.*

Again, Petitioner failed to comply with this Court's order to file a civil rights complaint. Instead, on June 17, 2011, he filed another "Emergency" pleading. In the twenty-nine page document (with fifty-seven pages of attachments), Petitioner requests sanctions, a temporary restraining order, and injunctive relief against Respondents and various attorneys

---

[1]In a document incorrectly and untimely attached as an exhibit to that document, Petitioner reasserted that his claims are "habeas corpus issues not a 1983 lawsuit." [Doc. No. 12-6]. The undersigned disagrees. *See* [Doc. No. 11].

involved in this and other actions filed by Petitioner. [Doc. No. 16]. Although Petitioner has been warned previously that lengthy insertions and attachments are unnecessary and may be stricken, this most recent filing again contains an incomprehensible litany of names, allegations and documents.

Petitioner has clearly failed to comply with this Court's order despite numerous opportunities to do so. Such failure and the Court's authority to manage and control its caseload, warrant the dismissal of the pending action without prejudice. *See United States ex. rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) (finding no error in district court's dismissal of inmate's petition for failure to follow local rules); *Soken v. Estep*, 270 Fed. Appx. 734, 735-36 (10th Cir. 2008) ("A district court possesses broad discretion in determining whether to dismiss a petition without prejudice for failing to comply with court orders.").

## **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends dismissal without prejudice of the habeas Petition. Adoption of this recommendation would moot the pending motions - Motion for Leave to Proceed in Forma Pauperis [Doc. No. 4], Motion for Temporary Restraining Order [Doc. No. 5], Motion for Evidentiary Hearing [Doc. No. 7], Motion for Order [Doc. No. 9] and Motion for Sanctions [Doc. No. 16].

Petitioner is advised that he may file an objection to this Report and Recommendation

in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 6th day of September, 2011. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 15th day of August, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE