IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

SEP 08 2011

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| ANTONE LAMANDINGO KNOX a/k/a ANTION L. KNOX,   )<br>)<br>Petitioner,   )<br>)<br>vs.   )<br>)<br>DR. JOANN MORGAN et al.,   )<br>)<br>Respondents.   ) | No. CIV-10-1274-W |

## ORDER

Antone Lamandingo Knox a/k/a Antion L. Knox commenced this action by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to title 28, section 2254 of the United States Code. He named as respondents Dr. JoAnn Morgan, Randall G. Workman, Bobby Boone, Sue A. Fleming, Terri White, Oscar B. Jackson, Jr., Kevin L. Ward, W.A. Drew Edmondson, Eric Holder, Jr., Hillary Rodham Clinton, Dean W. McDaniel, Justin Jones, James Thomas, Debra Ann Aldridge, Linda Morgan, Brad Henry and Gregory E. Pyle. With exhibits, the Petition numbered over 350 pages. See Doc. 1.

Knox also filed several motions and applications, including an Application to Proceed Without Prepayment of Fees [Doc. 4] and an Emergency [Motion for] Temporary Restraining Order, T.R.O. [and] Preliminary Injunction [Doc. 5].

On March 31, 2011, United States Magistrate Judge Bana Roberts, to whom the case had been referred, issued an Order advising Knox "that based on the nature of the claims raised and the relief he [had] request[ed], the action must be brought pursuant to 42 U.S.C. § 1983." Doc. 11 at 1. Magistrate Judge Roberts had determined that Knox had raised two claims in his initial pleading: (1) a claim that his right to due process had been

violated by his placement in the administrative segregation unit without a hearing and in the mental health unit without a court order, mental health transfer packet or evaluation by a doctor, and (2) a claim that his rights under the eighth amendment had been violated when he was allegedly severely beaten and raped and denied medical treatment. See id. n.1.

In light of these claims, Magistrate Judge Roberts further advised Knox that if he intended to proceed, he was "required to refile this action using the proper complaint form[1] for a civil rights case pursuant to [section] 1983." Id. at 2. Knox was also directed to comply with Rule 8, F.R.Civ.P., to identify in his complaint each defendant and state what each defendant allegedly did and to explain how each alleged act about which he had complained had violated his constitutional rights. See Doc. 11 at 2.

In response, Knox filed a paper entitled "Emergency Objection to U.S. Magistrate Judge Order" [Doc. 12], which, including attachments, was 67 pages in length. In this document, Knox argued that Magistrate Judge Roberts had erred in stating that the matter should be brought under section 1983. See id. at 2.

On April 15, 2011, Magistrate Judge Roberts found Knox's document to be "incomprehensible," Doc. 13 at 1, and because he had failed to comply with her Order, she directed that Knox's document, including the exhibits attached thereto, be stricken. See id. at 2. Knox was granted until May 1, 2011, to comply with the Order issued on March 31, 2011. See id.

---

[1]The Clerk of the Court was directed to send Knox a form complaint approved in this judicial district for actions brought under 42 U.S.C. § 1983. See Doc. 11 at 2.

Knox in turn filed a paper entitled "'Emergency Docket' 'Imminent Danger' Motion for Emergency" [Doc. 14]. He contended therein that certain prison officials and others were thwarting and interfering with his attempts to comply with Magistrate Judge Roberts' Orders.

Upon review, Magistrate Judge Roberts granted Knox an additional 15 days to file his complaint pursuant to section 1983 in accordance with her Order of March 31, 2011. She reminded Knox of his obligation to comply with Rule 8, and further advised Knox that his "failure to comply . . . could result in the dismissal of his action." Doc. 15 at 1.[2]

Knox next filed a paper entitled "'Emergency Docket' Extreme Motion for Sanction [and] T.R.O. [and] Injunctive Relief Etc." See Doc. 16. This document, including attachments, numbered some 86 pages, and Knox again contended that certain respondents and others had destroyed his section 1983 complaints. See id. at 1.

The matter now comes before the Court on Magistrate Judge Roberts' Report and Recommendation issued on August 15, 2011. Knox was advised of his right to object, and in a document[3] file-stamped August 24, 2011, and entitled "Reply Brief," Knox has complained that the named respondents and numerous other individuals, including Scott Pruitt, Steven Taylor and James Edmondson, have "illegally engage[d] in [the] destruction [of], tampering [with], [and] withholding [of] . . . [his] outgoing legal documents . . . [and, in particular, his section 1983 complaints] that . . . [he] sent to this Court on April 14, 2011 [and] April 25, 2011 . . . ." Doc. 18 at 1. Knox has further complained in his "Reply Brief"

---

[2]The Clerk was again directed to provide Knox with a form complaint. See Doc. 15 at 1.

[3]The document indicates that it is 8 pages in length; the Court has received only 2 pages, identified as "Page 1-of-8" and "Page 2-of-8." See Doc. 18.

that "[i]t is all a cover up to keep . . . [his] legal documents from reaching the federal/state courts . . . ." Id. at 2.

Knox has further argued that his "habeas corpus petition should have been granted[,]" id., and that he should "not [have been] made to file a . . . section 1983 complaint . . . ." Id.

Upon de novo review, the Court concurs with Magistrate Judge Roberts that dismissal of this matter without prejudice to refiling is warranted. Knox has failed to comply with the Orders she has issued, and his failure to do so has barred any move toward resolution of this case on its merits. Moreover, it is clear that Knox's claims are more appropriately brought under section 1983 (using the appropriate form for such cases) rather than in a federal habeas proceeding under section 2254. E.g., Jackson v. Friel, 285 Fed. Appx. 537 (10th Cir. 2008)(conditions-of-confinement claims by state inmate must be brought in civil rights complaint under section 1983 rather than in habeas petition). See Rael v. Williams, 223 F.3d 1153 (10th Cir. 2000).

For these reasons and because Knox was warned that his failure to comply might result in the dismissal of this action, see Doc. 15 at 1, the Court, in its discretion,

(1) ADOPTS the Report and Recommendation [Doc. 17] filed on August 15, 2011;

(2) DISMISSES this matter without prejudice to refiling;

(3) FINDS that such dismissal MOOTS the following matters:

(a) Knox's Application to Proceed Without Prepayment of Fees [Doc. 4];

(b) Knox's Emergency [Motion for] Temporary Restraining Order, T.R.O. [and Preliminary Injunction [Doc. 5];

4

(c) Knox's Emergency Motion for Evidentiary Hearing [and] Competency Hearing [Doc. 7];

(d) Knox's Emergency Docket - Motion to Grant Proceedings [and] Request for Order Requiring Special Report [Doc. 9]; and

(e) Knox's Emergency Docket - Extreme Motion for Sanction [and] T.R.O. [and] Injuncti[ve] Relief [Doc. 16];

(4) ADVISES Knox that if he intends to refile this matter under section 1983 that he must use the appropriate form and that he must comply with the requirements of Rule 8, as set forth by Magistrate Judge Roberts in her Orders issued on March 31, 2011, and May 24, 2011 [Docs. 11, 15]; and

(5) further ADVISES Knox that any pleadings hereafter filed by him that do not comport with the requirements of Rule 8 and/or that are determined by the Court and/or the assigned Magistrate Judge to be unintelligible, rambling, disorganized or unfocused may be summarily stricken.

ENTERED this 8th day of September, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE